IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

KEVIN HOOPER            )
                        )
v.                      ) NO. 1-12-0027
                        ) JUDGE CAMPBELL
JERRY NASH, et al.      )

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss or in the Alternative for Judgment on the Pleadings (Docket No. 6). For the reasons stated herein, Defendants' Motion is DENIED.

FACTS

Plaintiff filed this action in the Circuit Court of Hickman County, Tennessee (Docket No. 1-1), alleging that he, a licensed, non-tenured teacher formerly with the Hickman County Schools, was fired in violation of his constitutional due process rights. Plaintiff contends that Defendants failed to follow the statutory procedures set forth in Tennessee law prior to his termination.

Defendants, the HIckman County Superintendent of Schools and Board of Education members, removed the action to this Court and have moved to dismiss the Complaint, arguing that Plaintiff was only suspended, not fired, at the time of filing this action and that all required procedures for suspension of an employee were followed.

Plaintiff claims that Defendant Nash told him either "to resign, or be suspended without pay." Docket No. 1-1. Plaintiff asserts that he refused to resign, and Nash informed him that he was suspended without pay. *Id*. Plaintiff states that he was told he could have an appeal hearing, such

a hearing was set, and then Nash informed him that it was not an appeal, but rather, it was part of an investigation. *Id.*

Plaintiff alleges that Nash later sent Plaintiff a letter (attached to the Complaint as Ex. 3), which enumerated various allegations against Plaintiff. This letter also notified Plaintiff that Nash would be continuing his investigation and that Plaintiff would remain suspended without pay. Docket No. 1-1, Ex. 3. Plaintiff claims that Defendants' failure to follow Tennessee statutory procedures for terminating his employment violated his constitutional rights to due process.

Defendants allege that after the filing of this Complaint, the investigation of Plaintiff by Defendants was completed and the decision was made to terminate Plaintiff's employment. Defendants also contend that on March 14, 2012, Defendant Nash sent Plaintiff a letter notifying him of the decision and of the charges against him and offering him the hearing contemplated and required by law. Docket No. 7-1. Plaintiff has not amended his Complaint to assert anything about the March 14, 2012 letter, and there is no evidence before the Court that Plaintiff has accepted Defendants' offer of a hearing.

## MOTIONS TO DISMISS[1]

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which requires the Court to construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## DISCUSSION

The Court must accept the allegations of Plaintiff's Complaint as true, and Plaintiff's Complaint alleges that he was fired *de facto* on January 17, 2012. Docket No. 1-1, p. 4. Plaintiff also contends that Defendant Nash told him he could resign or be suspended without pay and that it would be better to resign. *Id*. The Court cannot consider the additional alleged facts supplied by Defendants (but not in the Complaint) concerning the subsequent "termination" of Plaintiff.

Plaintiff's factual allegations, accepted as true, are sufficient to state a claim to relief that is plausible on its face. Accordingly, Defendants' Motion to Dismiss (Docket No. 6) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE